Henderson, Chief Justice.
 

 I will not in this case discuss the question, upon which there is a difference of opinion in the court, whether an action of
 
 detinue,
 
 such as the present is, can be sustained against administrators, as administrators, for a detention by them. The question in principle is fully discussed in
 
 Eure
 
 v.
 
 Eure, (ante
 
 206,) to which I refer; only observing that administrators may settle an account, may indorse a bill, receive a bill, and promise as administrators. And I can see no reason, why they should not detain property in the same capacity! and that it would be unjust in the highest degree to throw upon them the responsibility of reconsidering at their peril a question which has been already determined, by their intestate. If there be error in the decision, it should fall on him who made it; that is, in such case on the estate, and not on them, who, as it were, acted in obedience to the intestate’s orders, as his agents. ' Nor do I think the argument by any means conclusive, that their letters give them authority to take into their possession what is of the estate of their intestate only, and not the property of another. Such rigid construction is not compatible with our nature. For the most astute of us are not gifted with the power of determining, with absolute certainty, one half, nay one tenth of the questions on which we must decide, if we act at all. And without any great violation of the common intendment of siich a phrase, it may well be taken to mean, such goods as were
 
 understood
 
 to be of the estate of the intestate. And where his estate is to he the gainer or the loser, the understanding of no one can be so well referred to by the administrator, as that of the intestate himself. And farther an estate means interest; and although we have not in personals the same divisions of estates or interests as in lands, to wit, the possession in one, and the right of possession in another, and the mere right or title in a third, yet we have something analogous thereto, as possession gives right, against ali but the rightful owner, or against one whose pre
 
 *305
 
 sumption of rightful ownership is better than the possession. A bailee must deliver possession to his bailor, although he may not be the rightful owner ; recognizing very clearly a presumptive estate or interest, arising from possession. And these words may well justify, nay, direct the administrator to take into his possession, as administrator, all the goods of which the intestate died possessed. For thereby he was presumptive owner. I am speaking now of the construction of those words, as between those interested in the fund and the administrators
 
 ;
 
 not as between the adminstrators and mere strangers
 
 ;
 
 for as to them the administrators certainly act at their peril. No authority derived from their intestate can justify them in taking the property of another. They are, if he chooses to consider them so, mere wrongdoers, and individually liable ; but he may, if he pleases, consider them as acting in obedience to the directions virtually given to them by their intestate. I have endeavored to show, that those interested in the fund have no right to complain, if they are charged as administrators. For it is to guard their interest, that the opposite rule is endeavored to be supported, to prevent the wrongful bets of the administrators or executors to be thrown upon the assets. I will therefore consider the declaration as having two counts, one for the detention of the intestate, and one for their own detention as administrators.
 

 I think the evidence supports neither count; not that for thé detention of the intestate; for it appears from the plaintiff’s own evidence, introduced, I suppose, to repel the plea of the statute of limitations, that the intestate held the slaves, by consent of the plaintiff. Her detention therefore could be no wrong to the plaintiffs. The proofs not only do not support the first count, but disprove it. As to the latter count the proof is, that at the time of her death the intestate set up no title in herself, but that she held possession at the will of the plaintiff
 
 ;
 
 and the defendants show, that she had at most but a life estate. Take it therefore either way, this action cannot be supported. For to support the latter count, it must be shown that the possession was in the r.epre-
 
 *306
 
 seniative character ; that is, bat in affirmance and continuance of the claim set up by the intestate. If the intestate held but for life, a detention by the administrators afterwards could
 
 not bo
 
 thrown on the assets. It would be no violation of duty in them
 
 to surrender up the ¡possession immediately.
 

 Although the netted18to° dispute the title of the bailor, yet if the latter by his own showing has nQne, he cannot recover.
 

 If any interest, however small, passes by a deed, -reates no es-
 

 I confess I should have some doubts as to the obligation of the administrators, as such, to surrender up the property to the bailor, if the plaintiffs had relied upon their bailment alone. But they have exposed their title- , x. ,, and shown, that making the most of it, it expired with ¿]ie ]jfe 0f p[!e defendants’ intestate, from whom they de- .
 
 ,
 
 rived it. I think tins disenarges the obligation, which the bailee .is under, to restore the property bailed at the expiration of the
 
 bailment;
 
 which is founded on the presumption, that the bailor has the property — a presumption which, in ordinary cases, the law will not permit the bailee to controvert by proofs. But when the bailor himself exposes his want of title, the court will not decree the possession to be changed.
 

 As to the question of estoppel, arising from the bill of sale to the daughter, under whom theplaintiff claims, dis-ijosimr of the whole interest in the slave, there is nothing, 1 , , . Estoppels arc not to be iavored, at least such as arise from f]ie act of the parties. They excludetlie truth, and are admitted only for the sake of repose. But there is no estoppel in this case, because some interest passed by the deed, to wit, the life estate. And the same deed never passes an interest, however small, and also creates an estoppel. The reason is not very satisfactory, but the law is certainly so. (Co.
 
 Litt. passim on
 
 Estoppel.) Put the strongest case. Son, tenant
 
 per outer vie ;
 
 reversion in the father. The son makes a feoffment in fee. The
 
 cestui que vie
 
 and the father
 
 die;
 
 the reversion descends on the son, as heir to the father. The' son may recover against his own feoffee ; and the reason given, why he is not estopped by his feoffment in fee, is that something (his estate
 
 per outer vie)
 
 passed to the feoffee. But if a son having no interest had made a feoffment, he would have been estopped. So here, the intestate; but having an interest, she is not.
 

 
 *307
 
 I will here adil an additional reason, why the action of detinue ought to lie against executors or administrators, as such, for a detention in their representative character. The executor may he a poor, but an honest man. The estate may be rich. The owner may prefer onera-ting the assets to a judgment against an.insolvent executor, who will not but by the direction of the court touch the assets, to pay a judgment recovered against him individually. Although I have no doubt, that in such case, if the executor did pay out of the assets he would be protected. But I doubt whether the claimant, after he has chosen to sue him in his individual character, could recover against him as administrator. It is right therefore for the creditor to onerate the assets, if the facts will warrant him.
 

 Rurein, Judge.
 

 I think the action
 
 oí detinue
 
 will not lie against the defendants, in their representative character, for a detention commenced by thens after the death of their intestate. The act is a wrong by them personally. It cannot affect the estate, but charges the defendants in their own right. The letters of administration go only to the goods of the intestate, and do not justify or excuse the administrator in taking the goods of another, under pretence that they belonged to the intestate. It is like a sheriff seizing under a
 
 Ji- fa.
 
 against one, the property of another. The action is not brought against him as officer ; but personally, because the act was beyond his duty or authority, and he is a trespasser.
 

 I do not mean to say that
 
 detinue
 
 will not lie against executors. But it must be on the testator’s detention. If it were otherwise, a charge might be thrown on the assets at the mere will of the plaintiff, without any wrong by the testator, but upon that of the executor acting beyond his rights. Nor do I mean to say, that where the executor has detained the property honestly, upon a fair claim of right in his testator, and defended
 
 bona fide
 
 by himself, he shall not be indemnified for the costs out of the assets, as between him and the legatees. That is a different question. But this I mean to say: that for amat-
 
 *308
 
 ter arising
 
 wholly
 
 in the executor’s time, no action against Mm as executor will lie. The contract or wrong is al~ j-0getjle,. j-jie executor’s own.
 

 For the same reasons, I think, counts on the detention of the testator and executor cannot be joined.
 
 (Jennings
 
 v.
 
 Newman,
 
 4
 
 T.
 
 R. 347.
 
 Bridgen
 
 v.
 
 Parks,
 
 2
 
 Bos.
 
 &
 
 Pul.
 
 424.)
 

 But if they can, surely it must appear, that the testator did set up a right in himself, and that the executor took the possession again, claiming upon that right. Nothing less than that would be allowed by the most liberal confounder of actions.
 

 Here the plaintiff himself shows, that the intestate had the possession by his leave during her life. Such evidence was indispensable to prevent the bar of the' statute of limitations. The wrong therefore commenced in the defendants’ own time, and upon a right or pretended right, distinct from their intestate’s.
 

 The evidence given did not support the action, if it be founded on the detention of the intestate. If the detention be that of the defendants alone, they cannot be declared against as administrators. And if there be two counts, one on detention by each, I think the declaration would be bad, because they cannot be'joined. But if they can, the evidence here goes altogether to a detention of the defendants, upon a right and claim different from those of the intestate. Wherefore, my opinion is for a new trial.
 

 Per Curiam. — Judgment reversed.